[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 19-11571

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

MIRZA HUSSAIN,

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00152-JDW-AAS-1

_____

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 2 of 11 PageID 3333
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 2 of 9

2                       Opinion of the Court                    19-11571

Before ROSENBAUM, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

    Mirza Hussain appeals his conviction for coercion and enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Hussain also appeals his total 444-month sentence. No reversible error has been shown; we affirm.

    In 2010, Hussain's sister and her family -- including Hussain's 11-year-old niece, N.M. -- moved into Hussain's house after immigrating to the United States from Bangladesh. Within a few months, Hussain began paying special attention to N.M., including buying N.M. clothing, taking N.M. out to restaurants, and staying up late with N.M. to watch television and to go on late-night walks. In November 2011 -- when N.M. was 13 years old and Hussain was 48 years old -- Hussain bought N.M. a cellphone. Hussain then began sending N.M. sexually explicit text messages encouraging N.M. (among other things) to send him nude photos of herself.

    N.M.'s parents became concerned about the relationship between Hussain and N.M. and, in January 2012, moved out of Hussain's house. Hussain, however, remained in contact with N.M. and continued sending N.M. text messages.

    In November 2012, Hussain traveled to Bangladesh and obtained a new birth certificate for N.M.: one that indicated N.M.'s birthdate was 1995 instead of 1998. Hussain used the new birth

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 3 of 11 PageID 3334
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 3 of 9

19-11571               Opinion of the Court                3

certificate to obtain a "corrected" green card for N.M. that included the revised birthdate. When the new green card issued in November 2013, Hussain went to N.M.'s house, told N.M.'s parents that N.M. was an adult, and tried to have N.M. move in with him.

In a superseding indictment, a federal grand jury charged Hussain with three offenses: (1) coercion and enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Count One); (2) fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a) (Count Two); and (3) aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three).[1]

Following a trial, the jury found Hussain guilty of the charged offenses. The district court later sentenced Hussain to a total of 444 months' imprisonment, including concurrent sentences of 420 months and 180 months on Counts One and Two, plus a consecutive 24-month sentence on Count Three.

## I.

Hussain first challenges the sufficiency of the evidence supporting his conviction on Count One. Hussain contends that the evidence presented at trial was insufficient to prove that Hussain took a "substantial step" toward persuading or enticing N.M. to engage in a sexual act.

---

[1] Hussain raises no challenge to his convictions under Count Two and Three.

"We review *de novo* whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial, viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor of the jury's verdict." *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We will not overturn a jury's verdict unless no "reasonable trier of fact could find that the evidence established guilty beyond a reasonable doubt." *Id.* at 1284-85.

To obtain a conviction for enticement of a minor under 18 U.S.C. § 2422(b), the government must prove that the defendant "(1) had the specific intent to induce a minor to engage in sexual activity, and (2) took a substantial step toward the commission of that offense." *United States v. Gillis*, 938 F.3d 1181, 1190 (11th Cir. 2019). "To find that a substantial step was taken, the court must determine that the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability." *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004).

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to find Hussain guilty beyond a reasonable doubt. About the first factor, the content of Hussain's text messages to N.M. evidences clearly Hussain's intent to entice N.M. to engage in sexual activity. Hussain sent many sexually-explicit text messages to N.M. in which Hussain encouraged N.M. to masturbate while thinking

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 5 of 11 PageID 3336
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 5 of 9

19-11571              Opinion of the Court              5

of him, encouraged N.M. to send Hussain nude pictures of herself, and described the sexual acts he wanted to participate in with her.

About the second factor, we reject flatly Hussain's argument that the evidence was insufficient to show that he took a "substantial step" toward his enticement offense. In his text messages, Hussain pressured N.M. repeatedly to send him nude pictures of herself, which N.M. did. N.M. testified that Hussain touched her on her thighs, chest, and private parts. The language of the text messages between Hussain and N.M. also suggests that Hussain and N.M. had actually engaged in multiple sexual encounters. Moreover, the evidence demonstrates that Hussain traveled to Bangladesh, procured a falsified birth record for N.M., and attempted to remove N.M. from the custody of her parents for the purpose of having N.M. live with him.

This evidence was more than sufficient to allow the jury to find that Hussain took substantial steps toward inducing N.M. to engage in sexual conduct. *See Gillis*, 938 F.3d at 1190 (concluding that a defendant took a "substantial step" toward his intended plan to have sex with a fictitious minor when he arranged a meeting with the minor and drove an hour from his house for that meeting); *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011) (stating that a defendant took a substantial step in attempting to violate section 2422(b) when he engaged in sexually-explicit online conversations about a minor, arranged to meet the minor to engage in sexual activity, and drove several miles to the arranged meeting place); *Murrell*, 368 F.3d at 1288 (explaining that a defendant's

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 6 of 11 PageID 3337
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 6 of 9

6                        Opinion of the Court                   19-11571

objective acts -- including traveling two hours to meet a minor girl for sex and bringing with him a teddy bear, cash, and condoms -- constituted a "substantial step" toward inducing a minor to engage in sexual activity).

The evidence produced at trial was sufficient to allow the jury to find Hussain guilty beyond a reasonable doubt; we affirm Hussain's conviction under Count One.

## II.

Hussain next challenges the district court's refusal to admit into evidence a photograph Hussain says contradicts the government's evidence about N.M.'s age. The photograph -- which was taken in Bangladesh -- depicts N.M.'s mother holding a young child identified as N.M. N.M.'s mother appears to be cutting a cake with two large candles in it. In the background is a banner that includes the word "DATE" in English, followed by "18-5-96." Hussain argues that the photograph was taken at a party for N.M.'s second birthday and demonstrates that N.M. was born in May 1994.[2] The district court granted the government's motion to exclude the photograph on grounds that the photograph was not properly authenticated.

---

[2] We note that Hussain's argument that N.M. was born in 1994 is inconsistent with the 1995 birthdate listed on N.M.'s "revised" birth certificate.

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 7 of 11 PageID 3338
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 7 of 9

19-11571                Opinion of the Court                7

We review the district court's evidentiary rulings under an abuse-of-discretion standard. *See United States v. Reeves*, 742 F.3d 487, 501 (11th Cir. 2014).

The party seeking to introduce an item of evidence bears the burden of producing "evidence sufficient to support a finding that the item is what the proponent claims." *See* Fed. R. Evid. 901(a). The district court has discretion to determine whether a piece of evidence has been identified adequately under Rule 901; we will not disturb that determination unless "there is 'no competent evidence in the record to support it.'" *See United States v. Caldwell*, 776 F.2d 989, 1001 (11th Cr. 1985). For purposes of authenticating a photograph, a witness "need not be the photographer or see the picture taken; it is sufficient if he recognizes and identifies the object depicted and testifies that the photograph fairly and correctly represents it." *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981).

The district court abused no discretion in excluding the photograph for lack of proper authentication. Hussain presented no evidence or witness testimony confirming either that the photograph was taken during N.M.'s second birthday party or confirming that the photograph fairly represented the content of the banner: the two key details central to Hussain's argument about N.M.'s age.

Although N.M.'s mother identified the two people shown in the photograph as herself and N.M., she testified that she did not remember the occasion and did not recognize the banner. N.M.'s

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 8 of 11 PageID 3339
USCA11 Case: 19-11571    Date Filed: 05/26/2022    Page: 8 of 9

8                      Opinion of the Court                    19-11571

mother also testified that it would be unusual for a party in Bangladesh to include a banner with words in English.[3] N.M.'s mother also said that N.M. appeared to be only five or six months' old in the photograph.

### III.

Hussain next argues that the district court calculated incorrectly his guidelines range. Hussain contends that the district court erred in applying a two-level use-of-computer enhancement under U.S.S.G. § 2G2(b)(6), and in applying a five-level pattern-of-activity enhancement under U.S.S.G. § 4B1.5(b)(1).

Hussain's argument challenging the district court's application of the use-of-computer enhancement is foreclosed by the invited-error doctrine. "It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). Invited error exists when a party's statements or actions induce the district court into making an error. *Id.*

During the sentencing hearing, Hussain's trial lawyer said expressly that Hussain had no objection to the district court's application of the use-of-computer enhancement. Because Hussain agreed expressly that this two-level enhancement applied to his offense conduct, he invited the ruling he now contends is error; we

---

[3] The record also evidences that N.M.'s family spoke little English when they first arrived in the United States.

Case 8:18-cr-00152-JDW-AAS   Document 196   Filed 06/24/22   Page 9 of 11 PageID 3340
USCA11 Case: 19-11571   Date Filed: 05/26/2022   Page: 9 of 9

19-11571              Opinion of the Court                 9

will not consider this argument on appeal. *See id., United States v. Thayer*, 204 F.3d 1352, 1355 (11th Cir. 2000) (concluding that appellate review of a defendant's evidentiary challenge was precluded by the invited-error doctrine because defendant's trial lawyer stated affirmatively during trial that there was no objection to the complained-of action).

Hussain has also waived his argument challenging the district court's application of the pattern-of-activity enhancement. Hussain objected initially to the application of the five-level enhancement in his written objections to the Presentence Investigation Report. But Hussain later withdrew that objection during the sentencing hearing, his lawyer stating that "upon further reflection and research, I believe that my objection is not well taken and therefore I'm going to withdraw it." When -- as in this case -- a defendant withdraws expressly his objection to a sentencing enhancement during the sentencing hearing, his argument is deemed waived and "we are precluded from addressing his arguments challenging the enhancement on appeal." *See United States v. Cobb*, 842 F.3d 1213, 1222 (11th Cir. 2016).

AFFIRMED.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 26, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11571-DD
Case Style: USA v. Mirza Hussain
District Court Docket No: 8:18-cr-00152-JDW-AAS-1

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Bradly Wallace Holland, DD at 404-335-6181.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna H. Clark
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion